UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GINA ZALNER ) | |
| ) | |
| ) | Case Number |
| Plaintiffs ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| CENTRAL CREDIT SERVICES, ) | JURY TRIAL DEMANDED |
| INC. ) | |
| ) | |
| Defendant ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Gina Zalner, by and through their undersigned counsel, Brent Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Gina Zalner, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in the Commonwealth of Pennsylvania.

### III. PARTIES

4. Plaintiff, Gina Zalner, is an adult natural person residing at 1443 East Beau St, Washington, PA, 15301.

5. Defendant, Central Credit Services, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 9550 Regency Square Boulevard, Suite 500, Jacksonville, FL 32225.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On January 26, 2009, Defendant, Central Credit Services Inc., began a series of harassing and abusive calls to Plaintiff's mother. Defendant's agent left messages on Plaintiffs mother's home answering machine stating "This is an urgent matter for Gina Zalner" and "Do not ignore this call." Further, on January 27, 2009 and January 28, 2009, Defendants left the same message on Plaintiff's cell phone.

8. On January 27, 2009 and January 28, 2009, Plaintiff returned Defendant's phone calls and had to leave messages for William Dunn that she was only available to receive phone calls between 1 and 2 pm, due to high patient volume at the medical facility where she works.

9. On January 29, 2009 at 12:30 pm, Plaintiff called Mr. Dunn from a phone in one of the Doctor's offices. Plaintiff did not reach Defendant's agent so she left a message.

10. On January 29, 2009 at 1:15 pm, Defendant's agent "Bill Dunn" called the Plaintiff back using the direct number that was used earlier that day. The number belonged to a Doctor in her office. The Doctor told Plaintiff that "Bill" from Florida is asking for her. Plaintiff took the call and informed Defendant's agent that she could not speak to him and told him when she was available.

11. Plaintiff contacted Defendant's agent," William Dunn" at 3:30 pm on January 29, 2008 as she stated she would. During the telephone conversation that ensued, Defendant's agent made the following statements:

- "We need to have this resolved today or we will begin the litigation process and contact your employer"

- "I see you have an American Express card with a $9000.00 limit. can't you just put it all on that one?"

- "Are you aware that Pennsylvania is a wage garnishment state?" – Plaintiff interrupts that she cannot come up with $3000.00 right at this moment.

Mr. Dunn further stated:

- " You don't care that your are thief or who you steal from do you?"

- "You'll never be a property owner or amount to anything."

- " Well then I'll be contacting your employer."

12. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

13. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

14. The Defendant acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiff, communicated with persons other than the Plaintiff that the Plaintiff owes a debt and made such communications on multiple occasions.

15. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

16. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

18. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and

anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT 1 – FDCPA**

19. The above paragraphs are hereby incorporated herein by reference.

20. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692, b(1), b(2), c(a)(1), c(a)(3) d, d(5), e, e(2), e(3), e(4), e(5), e(7), e(10), e(11), f and g.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Central Credit Services, Inc. for the following:

    a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

    b. Actual damages;

    c. Statutory damages pursuant to 15 U.S.C. § 1692k;

    d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    e. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## (FCEUA, 73 Pa. C.S. § 2270.1 et seq.

22. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

23. The collection of debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. §2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S. 201-1 et seq. ("UTPCPL").  Defendant is a "debt collector" pursuant to 73 Pa. C.S. §2270.3.

24. The alleged debt Defendant was attempting to collect is a "debt" as defined by 73 Pa C.S. §2270.3

25. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

26. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

27. Violations of the FDCPA is a per se violation of the FCEUA and the UTCPL.

28. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

29. By virtue of the violations of law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

    a.    Actual damages;

    b.    Treble damages;

    c.    An award of reasonable attorneys fees and expenses and costs of suit; and

    d.    Such additional relief as is deemed just and proper, or that the interests of justice may require.

## COUNT III

**VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. §201-1 et seq.**

30.    The foregoing paragraphs are incorporated herein by reference.

31.    Plaintiff and Defendant are "Person[s]" pursuant to 73 Pa. C.S. §201-2.

32.    The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices" either at, prior to, or subsequent to a consumer transaction.

33.    The actions of Defendant, as aforesaid, constitute unfair or deceptive acts and practices under the UTPCPL, by way of the following, inter alia:

    a.    Defendant misrepresented to Plaintiff the character, extent, or amount of the debt or its status in a legal proceeding, 73 P.S> §201-3.1;

    b.    Defendant engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding, 73 P.S. §201-2(xxi);

  c.  Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL;

  34.  As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

  35.  By virtue of the violations of law as aforesaid, and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

  **WHEREFORE,** Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

    i.  An Order declaring that Defendant violated the UTPCPL;

    ii.  Actual damages;

    iii.  Treble damages;

    iv.  An award of reasonable attorney's fees and expenses and costs of suit; and

    v.  Such addition relief as is deemed just and proper, or that the interests of justice may require.

.

### IV. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:  February 3, 2009                        BY:     /s/  *Brent Vullings*
                                                                    Brent Vullings, Esquire
                                                                    Warren & Vullings, LLP
                                                                    1603 Rhawn Street
                                                                    Philadelphia, PA  19111
                                                                    215-745-9800   Fax 215-745-7880
                                                                    Attorney for Plaintiff